# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., ET AL., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | Case No. 6:13-cv-211 (LED) |
| | § | |
| APPLE INC., | § | |
| | § | |
| DEFENDANT. | § | |

### DEFENDANT APPLE INC.'S MOTION FOR ENTRY OF JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 58(d)

Pursuant to Federal Rule of Civil Procedure 58(d), Defendant Apple Inc. ("Apple") respectfully requests that the Court enter judgment in this matter to permit an appeal.

On February 25, 2014, the Court signed an Order granting in part and denying in part the motion of VirnetX, Inc. ("VirnetX") for an ongoing royalty ("211 Order"). (D.I. 48 (under seal); D.I. 53, signed Feb. 25, 2014; filed Mar. 6, 2014.) Although the Court directed the Clerk to "close Cause No. 6:13-cv-211," (*id.* at 10), the Court did not enter a judgment "set out in a separate document" as required under Rule 58(a). As a result, there is as yet no final judgment in this matter. On March 27, 2014, Apple filed a protective notice of appeal to ensure the timeliness of its appeal. (D.I. 58.) Pursuant to Federal Rule of Appellate Procedure 4(a)(2), Apple's notice of appeal will become effective "on the date of and after the entry" of judgment.

Rule 58(d) permits a party to "request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Accordingly, to permit an appeal, Apple

respectfully moves the Court to enter the proposed form of judgment attached hereto, which reflects the relief granted in the 417 Order[1] and the 211 Order.

## I.     Factual Background Of The 417 And 211 Actions

On November 6, 2012, a jury awarded VirnetX $368,160,000 in damages for Apple's infringement.[2] (417 D.I. 598.) The versions of FaceTime and VPN On Demand implicated in the lawsuit involved the iPod touch, Early iPod touch, iPad, iPad 2, iPad 3, iPhone, iPhone 3G, iPhone 3GS, iPhone 4, and iPhone 4S that were sold with certain versions of iOS (collectively, "iOS Adjudicated Products") and Mac Computers sold with certain versions of OS X ("Mac Adjudicated Products") (iOS Adjudicated Products and Mac Adjudicated Products collectively, "Adjudicated Products").

In the 417 Order resolving post-trial motions, the Court awarded VirnetX post-verdict damages in the amount of "$330,201 per day from November 6, 2012 through the date of final judgment," February 28, 2013. (417 D.I. 732 at 36-37; 417 D.I. 742.) The post-verdict damages award was determined by applying the 0.52% implied royalty rate from the jury's damages award to estimated sales of the Adjudicated Products. (417 D.I. 657 at 1-2, Ex. B.)

The Court severed the ongoing royalty determination into the 211 Action. (417 D.I. 732 at 1-2.) In the 211 Action, VirnetX requested that "Apple … be required to pay [ongoing] royalties [of 1.52%] from the date of entry of judgment in [the 417] Action (February 28, 2012) until Apple either ceases infringement, or until the expiration date … of the patents-in-suit …." (D.I. 10 at 15.) The Court saw "no reason not to include unadjudicated products that incorporate any of the FaceTime or VPN On Demand features found to infringe at trial in the on-going

---

[1] "417 Order" refers to the Court's February 26, 2013 Opinion and Order in *VirnetX Inc. v. Cisco Sys., Inc.*, No. 10-cv-417 (E.D. Tex.) ("417 Action").

[2] Apple's appeal of the 417 Action is currently pending.

royalty base," (D.I. 48 at 9 (citation omitted)), and thus granted-in-part VirnetX's request for an ongoing royalty, awarding "an ongoing royalty of 0.98% on adjudicated products and products not colorably different from those adjudicated at trial that incorporate any of the FaceTime or VPN On Demand features found to infringe at trial." (*Id.* at 9-10.)

## II. The Court Should Enter Apple's Proposed Judgment

Apple's proposed judgment reflects the relief granted in the 417 Order and the 211 Order.

Regarding post-verdict sales of products not colorably different from the adjudicated products ("Not Colorably Different Products") up through the date of final judgment in the 417 Action, the proposed order properly accounts for such sales by providing that "VirnetX is … awarded a royalty of 0.52% on all sales of the Not Colorably Different Products sold on or before February 28, 2013," the date of final judgment in the 417 Action. (Ex. A.) The 0.52% royalty rate is the same implied royalty rate from the jury verdict that the Court used in determining post-verdict damages for the Adjudicated Products in the 417 Action. (417 D.I. 732 at 36-37; 417 D.I. 657 at 1-2, Ex. B.) This is the proper measure of compensation for sales of the Not Colorably Different Products through the date of final judgment in the 417 Action.[3] *See, e.g.*, *Paice LLC v. Toyota Motor Corp.*, 609 F. Supp. 2d 620, 631 (E.D. Tex. 2009) (awarding ongoing royalty for sales "after final judgment was entered").

Regarding sales of products after the date of the final judgment, the proposed judgment provides that

> VirnetX is awarded an ongoing royalty of 0.98% on sales of products having the versions of FaceTime and VPN On Demand implicated in [the 417 Action ("Adjudicated Products")] … and products that incorporate any of the FaceTime or VPN On Demand

---

[3] Sales of Adjudicated Products from the date of verdict through the date of final judgment have already been accounted for in the 417 Order, which awarded a royalty of "$330,201 per day from November 6, 2012 through the date of final judgment," February 28, 2013. (417 D.I. 732 at 36-37; 417 D.I. 742.)

3

      features implicated in the 417 Action ("Not Colorably Different Products") sold on or after March 1, 2013.

(Ex. A.) This is consistent with both the 417 Order and the 211 Order, as it imposes the court-ordered royalty rate on the Adjudicated Products and the Not Colorably Different Products for sales after the date of final judgment in the 417 Action.

      In addition, the proposed judgment applies the ongoing royalty rate to the same sales price base VirnetX used in the 417 Action. Specifically, for iOS Adjudicated Products in the 417 Action, VirnetX relied on Apple's lowest wholesale price for the iOS Adjudicated Products. (*See, e.g.*, 417 Action 11/1/12 PM Trial Tr. at 124:2-127:22.) For the Mac Adjudicated Products, VirnetX relied on the upgrade sales price of $29. (*Id.*) The proposed judgment uses the same methodology, stating that for the iOS Adjudicated Products and the Not Colorably Different Products,[4] "the ongoing royalty rate shall be applied to Apple's lowest wholesale price (consistent with Mr. Weinstein's methodology in *VirnetX Inc. v. Cisco Systems*, No. 10-cv-417 (E.D. Tex.)) at the end of each quarter" and "[f]or the Mac Adjudicated Products, … the ongoing royalty rate shall be applied to the upgrade sales price of $29."

      For the foregoing reasons, Apple respectfully requests that the Court enter the proposed form of judgment attached hereto.

Respectfully submitted,

*/s/Joseph A. Loy*

Dated: March 28, 2014       _____

Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy

---

[4] The Not Colorably Different Products are mobile devices running certain versions of iOS, not OS, and thus are properly considered with the iOS Adjudicated Products.

    features implicated in the 417 Action ("Not Colorably Different Products") sold on or after March 1, 2013.

(Ex. A.) This is consistent with both the 417 Order and the 211 Order, as it imposes the court-ordered royalty rate on the Adjudicated Products and the Not Colorably Different Products for sales after the date of final judgment in the 417 Action.

In addition, the proposed judgment applies the ongoing royalty rate to the same sales price base VirnetX used in the 417 Action. Specifically, for iOS Adjudicated Products in the 417 Action, VirnetX relied on Apple's lowest wholesale price for the iOS Adjudicated Products. (*See, e.g.*, 417 Action 11/1/12 PM Trial Tr. at 124:2-127:22.) For the Mac Adjudicated Products, VirnetX relied on the upgrade sales price of $29. (*Id.*) The proposed judgment uses the same methodology, stating that for the iOS Adjudicated Products and the Not Colorably Different Products,[4] "the ongoing royalty rate shall be applied to Apple's lowest wholesale price (consistent with Mr. Weinstein's methodology in *VirnetX Inc. v. Cisco Systems*, No. 10-cv-417 (E.D. Tex.)) at the end of each quarter" and "[f]or the Mac Adjudicated Products, … the ongoing royalty rate shall be applied to the upgrade sales price of $29."

For the foregoing reasons, Apple respectfully requests that the Court enter the proposed form of judgment attached hereto.

Dated: March 28, 2014

Respectfully submitted,

*/s/Joseph A. Loy*
_____
Gregory S. Arovas
greg.arovas@kirkland.com
Robert A. Appleby
robert.appleby@kirkland.com
Jeanne M. Heffernan
jeanne.heffernan@kirkland.com
Joseph A. Loy

---

[4] The Not Colorably Different Products are mobile devices running certain versions of iOS, not OS, and thus are properly considered with the iOS Adjudicated Products.

joseph.loy@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Danny L. Williams
State Bar No. 21518050
danny@wmalaw.com
Drew Kim
Texas Bar No. 24007482
dkim@wmalaw.com
WILLIAMS MORGAN, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

ATTORNEYS FOR APPLE INC.

**CERTIFICATE OF SERVICE**

  I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 28th day of March, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

                    */s/Joseph A. Loy*

**CERTIFICATE OF CONFERENCE**

  I hereby certify that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and that this motion is opposed. On March 6, 2014, Joseph A. Loy, attorney for defendant Apple, corresponded with Jason Cassady, attorney for plaintiff VirnetX, seeking to reach an agreement on the judgment to be entered in this matter. Counsel for the parties continued to meet and confer via email and telephonically through March 27, 2014, when the parties determined they could not reach agreement on the form of the judgment.

                    */s/Joseph A. Loy*