IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **VIRNETX INC.,** *et al.*, § | |
| § | |
| **PLAINTIFFS,** § | |
| § | Case No. 6:13-CV-211-LED |
| v. § | |
| § | |
| **APPLE INC.,** § | |
| § | **JURY TRIAL DEMANDED** |
| **DEFENDANT.** § | |
| § | |
| § | |
| § | |

**PLAINTIFFS' RESPONSE TO APPLE INC.'S MOTION FOR ENTRY OF JUDGMENT
UNDER FEDERAL RULE OF CIVIL PROCEDURE 58(d)**

Plaintiffs VirnetX Inc. and Leidos, Inc., formerly Science Applications International Inc. (collectively "VirnetX") requests that the Court deny Apple Inc.'s ("Apple's") Motion for Entry of Judgment Under Federal Rule of Civil Procedure 58(d) (Dkt. No. 60, the "Motion" or "Mot.") because it lacks jurisdiction to grant Apple the relief it seeks. Further, the Court should deny Apple's Motion and decline to issue an indicative ruling because Apple's Motion is both moot and untimely.

**I.    BACKGROUND.**

On February 25, 2014, the Court granted in part and denied in part VirnetX's Motion to Set an Ongoing Royalty, ordering Apple to "pay VirnetX an ongoing royalty of 0.98% on adjudicated products and products not colorably different from those adjudicated at trial that incorporate any of the FaceTime or VPN On Demand features found to infringe at trial." Dkt. No. 48/53 at 9-10 (the "Court's Order"). Since the Court's Order finally resolved all issues in

Cause No. 6:13-cv-211 (the "211 Case"), the Court further directed the Clerk to close the matter. *Id.* at 10.

On March 27, 2014, Apple filed its notice of appeal of the Court's Order. Dkt. No. 58. As required by the Federal Rules of Appellate Procedure, this notice of appeal was filed "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A).

The next day, on March 28, 2014 at 10:49 AM CDT, the Court transmitted Apple's notice of appeal, the Court's Order, and a certified copy of the docket sheet to the Federal Circuit. *See* Docket Sheet between Dkt. Nos. 58 and 59. The Office of the Clerk for the Federal Circuit promptly confirmed receipt of these materials. Dkt. No. 59. Later in the day at 3:59 PM CDT, Apple filed the instant Motion. Dkt. No. 60.

On April 2, 2014, the Federal Circuit docketed Apple's appeal of the Court's Order. *See* Dkt. No. 63. As such, Apple's appeal has already begun.

## II.   THE COURT LACKS JURISDICTION TO GRANT THE RELIEF REQUESTED BY APPLE.

### A.  The Court's Order Is Final.

The Court's Order is a final decision sufficient to create appellate jurisdiction under 28 U.S.C. § 1291. *See* Dkt. No. 48/53 at 10. First, the Order resolved all issues in the 211 Case. Second, the Court evidenced its intent that the Order was a final decision by directing the Clerk to close the case. *Id.* Further, a "judgment…includes…any order from which an appeal lies." FED. R. CIV. P. 54(a).

Apple understands that the Court's Order is a final decision because its notice of appeal was filed precisely "within 30 days after entry of the judgment or order appealed from." FED. R. APP. P. 4(a)(1)(A). Apple invokes Federal Rule of Appellate Procedure 4(a)(2) allegedly for the proposition that its notice of appeal was merely a "protective" measure designed to only become

effective after the entry of judgment. Mot. at 1. However, Rule 4(a)(2) applies only where the trial court has concluded its proceedings. *Poole v. U.S.*, 178 F. App'x 9, 10 (Fed. Cir. 2006). By citing to this Rule, Apple indicates its understanding that the proceedings of the 211 Case were finalized by the Court's Order on February 25, 2014. Of course, that the Federal Circuit has already docketed Apple's appeal demonstrates that (1) the Court's Order is a sufficient entry of judgment, and (2) Apple's notice of appeal is already effective.

In the Motion, Apple's sole reason for claiming that "there is as yet no final judgment in this matter" is that the Court allegedly failed to comply with Federal Rule of Civil Procedure 58(a). Mot. at 1. However, it is irrelevant to Apple's already-instituted appeal whether the Court's judgment is set out in a separate document.

In *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-388 (1978), the Supreme Court held that the parties could waive the separate document requirement of Rule 58 when the district court "clearly evidence[s] its intent that the opinion and order…represent[s] the final decision in the case," and that this waiver would not affect the jurisdiction of the court of appeals. The Court noted that, "if the only obstacle to appellate review is the failure of the District Court to set forth its judgment on a separate document, there would be no point in obliging the appellant to undergo the formality of obtaining a formal judgment." *Id*. at 386 (internal quotations and citations omitted).

Federal Rule of Appellate Procedure 4(a)(7)(B) was enacted after this holding and a disagreement among courts as to whether all parties must consent to waive the separate document requirement. Rule 4(a)(7)(B) establishes that, "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." This rule was "intended both to

codify the Supreme Court's holding in *Mallis* and to make clear that the decision whether to waive the requirement that the judgment or order be set forth on a separate document is the appellant's alone." FED. R. APP. P. 4, Subdivision (a)(7), 2002 advisory committee's notes. By filing its notice of appeal—which was subsequently docketed—Apple made its choice. Apple has waived the requirement of Rule 58(a) that the judgment must be set forth on a separate document, and whether the Court's Order complies with Rule 58(a) does not affect the validity of Apple's appeal.

### B. Apple's Motion Is a Thinly Veiled Rule 59(e) Motion That This Court Lacks Jurisdiction to Grant.

Apple understands the relief that the Court's Order granted to VirnetX, as Apple quoted this relief in its entirety in Apple's Motion.[1] Nonetheless, Apple spends half of its Motion arguing for limitations and/or alterations to the relief the Court has already ordered. This is apparent from the differences in the plain language between the relief granted by the Court and Apple's proposed judgment.[2] Because Apple is requesting that the Court alter or amend its final judgment, Apple's Motion is not simply a motion for the Court to enter on a separate document the relief the Court has already granted. Rather, Apple's Motion is actually a motion for relief under Federal Rule of Civil Procedure 59(e).

However, "when a notice of appeal transfers jurisdiction to [a Federal] Court [of Appeals], district courts lose the ability to vacate or amend their orders that have been appealed."

---

[1] Mot. at 3. The Court's Order requires Apple to pay VirnetX "an ongoing royalty of 0.98% on adjudicated products and products not colorably different from those adjudicated at trial that incorporate any of the FaceTime or VPN On Demand features found to infringe at trial." Dkt. No. 48/53 at 9-10.

[2] *Compare* Dkt. No. 48/53 at 9-10 *with* Dkt. No. 60-1. To be clear, VirnetX does not agree with or consent to the changes sought by Apple. However, because Apple's Motion is so procedurally improper, addressing the merits of Apple's Motion at this point would be a waste of the parties' and the Court's resources.

*Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010). Further, jurisdiction vests in the appellate court immediately upon filing an effective notice of appeal.[3] Because Apple's appeal of the Court's Order has already begun, the Court lacks jurisdiction to amend the Court's Order.[4] Therefore, Apple's Motion should be denied.

### III. SHOULD THE COURT WISH TO CONSIDER THE MERITS OF APPLE'S MOTION, IT SHOULD DENY APPLE'S MOTION AS UNTIMELY AND MOOT.

Nonetheless, the Court's inquiry does not necessarily stop at its lack of jurisdiction to grant the relief Apple seeks. Under Federal Rule of Civil Procedure 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

However, the preamble of this Rule makes clear that this Rule only applies "[i]f a *timely* motion is made." *Id*. (emphasis added). Apple's Motion, which seeks to alter or amend the judgment, was due "no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). Apple's Motion, filed on March 28, 2014, was untimely because it was filed more than 28 days after the Court's Order on February 25, 2014. Because Apple's Motion was untimely, the Court does not

---

[3] *See id.* at 1071. Apple cannot now claim the Federal Circuit does not have jurisdiction over its already docketed appeal. *See* Dkt. No. 63.

[4] Of course, Apple's appeal does not entirely strip the Court of jurisdiction over the 211 Case. *See Dominguez*, 607 F.3d at 1073. Nonetheless, the Court does not have the jurisdiction to grant the relief sought by Apple.

have authority to consider it under the plain language of Rule 62.1, and the Court should deny Apple's Motion.[5]

Finally, for the sake of argument, assuming the Court did have jurisdiction to grant the relief Apple seeks and assuming Apple had timely sought it, the Court should still deny Apple's Motion. The stated purpose of Apple's Motion is "to permit an appeal." Mot. at 1-2. However, Apple's appeal has already been permitted by the Federal Circuit. *See* Dkt. No. 63. Thus, the relief sought by Apple in the Motion is unnecessary, and the Motion should be denied as moot.

## IV. CONCLUSION.

For the foregoing reasons, VirnetX respectfully requests that the Court deny Apple's Motion.

---

[5] Further, even assuming the Court did not need to rely on Rule 62.1 to consider Apple's Motion, Apple's Motion should still be denied as untimely under Rule 59(e). "The requirement that post-trial motions be filed within the relevant [28] day period after entry of judgment is jurisdictional, and may not be extended by a waiver of the parties or by a rule of the district court. The mover's failure to serve the motion within the [28] day limit deprives the district court of jurisdiction to alter or reconsider its earlier judgment." *U.S. Leather, Inc. v. H&W P'ship*, 60 F.3d 222, 225 (5th Cir. 1995) (the time period in Rule 59(e) was extended from 10 days to 28 days through an amendment to the Rule in 2009) (internal citations omitted).

DATED: April 14, 2014.	Respectfully submitted,

**CALDWELL CASSADY & CURRY**

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email: acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email: dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email: hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email: rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email: rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email: charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**

        */s/ Andy Tindel*
ANDY TINDEL (Lead Counsel)
State Bar No. 20054500
MT$^2$ Law Group
Mann | Tindel | Thompson
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-596-0909
Email: atindel@andytindel.com

Of Counsel:

DONALD URRABAZO
California State Bar No. 189509
ARTURO PADILLA
California State Bar No. 188902
URRABAZO LAW, P.C.
2029 Century Park East, 14th Floor
Los Angeles, CA 90067
Direct: (310) 388-9099
Facsimile: (310) 388-9088
Email: durrabazo@ulawpc.com
Email: apadilla@ulawpc.com

**ATTORNEYS FOR PLAINTIFF LEIDOS, INC., FORMERLY KNOWN AS SCIENCE APPLICATIONS INTERNATIONAL CORPORATION**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on April 14, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

        */s/ Jason D. Cassady*
Jason D. Cassady