# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| VIRNETX INC., ET AL., | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | Case No. 6:13-cv-211 (LED) |
| | § | |
| APPLE INC., | § | |
| | § | |
| DEFENDANT. | § | |

# DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 58(d)

Apple's request is straightforward. No judgment that even arguably meets Rule 58's requirements has entered. A judgment is needed to give the Federal Circuit appellate jurisdiction. Apple brought this matter to VirnetX's attention on March 6, when it first sought to meet and confer about the substance of this motion, and VirnetX never once suggested that it believed that a judgment had already entered. When negotiations failed, Apple brought this motion. The Court can easily resolve this matter by simply entering judgment, a proposed form of which Apple has provided (and VirnetX has not provided a counterproposal). VirnetX's opposition ("Opp.") inexplicably seeks to make this simple matter unnecessarily complex. Moreover, VirnetX's arguments are legally erroneous.

## I. NO JUDGMENT HAS ENTERED

The Court's ongoing royalty opinion signed on February 25 does not satisfy Rule 58's requirement that judgment be set forth on a separate document. *See Whitaker v. City of Houston*, 963 F.2d 831, 833 (5th Cir. 1992). That is especially true here, where the judgment is needed to determine the substantive issues left unresolved in the Order and raised by Apple's motion. Indeed, Apple engaged in weeks of discussion with VirnetX to come to an agreed form of judgment, and VirnetX never once suggested that it believed a judgment had already entered.

VirnetX now argues that the Order should be treated like a judgment, even though it is not one, because Apple filed a notice of appeal and the Federal Circuit docketed the appeal. That is exactly backwards: it is the entry of judgment that will make the notice of appeal effective, not the other way around. *See* Fed. R. App. P. 4(a)(2). A protective notice of appeal filed before entry of judgment, which specifically states that the notice shall become effective upon entry of judgment, does not "render that ruling appealable," but rather permits the "premature notice of appeal from that bench ruling to relate forward to judgment and serve as an effective notice of

1

appeal *from the final judgment*." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 275 (1991). Accordingly, VirnetX's suggestion that the relative timing of the motion and the notice of appeal is of any significance (Opp. 2) is simply wrong.

Also incorrect is VirnetX's apparent belief that the Federal Circuit evaluates its appellate jurisdiction over every noticed appeal before docketing it. Opp. 3. Docketing is a ministerial act performed by the Federal Circuit clerk before any submissions regarding jurisdiction have even been made. *See* Fed. R. App. P. 12(a) ("Upon receiving the copy of the notice of appeal and the docket entries from the district court …, the circuit clerk *must docket the appeal*…." (emphasis added)). The Federal Circuit has not hesitated to dismiss a clerically-docketed appeal for lack of jurisdiction due to the lack of a final judgment. *See, e.g., Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 515 F. App'x 882, 882 (Fed. Cir. 2012) (dismissing docketed appeal for lack of jurisdiction due to lack of final decision); *Hyperphrase Techs., LLC v. Google, Inc.*, 260 F. App'x 274, 278 n.4 (Fed. Cir. 2007) (dismissing premature but previously docketed appeal only after appellant filed second notice of appeal describing first appeal as premature); *see also Proctor v. Flex*, 567 F.2d 635, 636 (5th Cir. 1978) (dismissing appeal as having been "improvidently docketed"). Accordingly, nothing in the clerical act of docketing suggests that any judge of the Federal Circuit has even considered, much less decided, whether appellate jurisdiction is proper at this time. Accordingly, the Order remains an unappealable order, not an appealable judgment.

## II. APPLE HAS NOT WAIVED RULE 58(a)'S REQUIREMENTS

Despite VirnetX's argument to the contrary, Apple has not waived the Rule 58 requirement that "[e]very judgment" "must be set out in a separate document." On the contrary, Apple's motion is the exact opposite of a waiver; Apple is specifically *asking* for a Rule 58-compliant judgment that will resolve all outstanding issues.

Apple's consistent message to this Court and the Federal Circuit is that there is no appealable judgment until one is entered in compliance with Rule 58, and that the Federal Circuit lacks appellate jurisdiction until that point. *See* D.I. 60 (motion for entry of judgment); D.I. 58 (notice of appeal); D.I. 8 at 2, *VirnetX Inc. v. Apple Inc.*, No. 2014-1395 (Fed. Cir. Apr. 16, 2014) (Apple's docketing statement) ("The district court has not entered judgment. Apple filed a protective notice of appeal within 30 days of the district court's ongoing royalty order; that notice shall be treated as filed on the date of and after the entry of judgment. Fed. R. App. P. 4(a)(2)." (internal quotation marks omitted)); D.I. 9 at 5, *VirnetX Inc. v. Apple Inc.*, No. 2014-1395 (Fed. Cir. Apr. 16, 2014) ("This appeal is not yet ripe, because the district court has not entered a final judgment sufficient to trigger this Court's appellate jurisdiction under 28 U.S.C. § 1295."). As noted above, during the parties' weeks of effort to come to an agreed form of judgment, VirnetX never suggested that a judgment had already entered or was unnecessary.

Further, as VirnetX acknowledges, the advisory committee notes to Fed. R. App. P. 4 explicitly state that "the decision whether to waive the requirement that the judgment or order be set forth on a separate document is the appellant's alone." Fed. R. App. P. 4 advisory committee's note to 2002 amendments (Subdivision (a)(7)). VirnetX has not cited any case finding a waiver where the appellant has filed a protective notice of appeal specifically noting that the notice is not immediately effective, and also files a motion expressly requesting a Rule 58 judgment. In the single case VirnetX cites, neither party objected. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-388 (1978). Where, as here, a party objects and demands entry of judgment, Rule 58 continues to apply. *See Farber v. Louisiana State Bd. of Med. Exam'rs*, 265 F. App'x 152, 153 n.4 (5th Cir. 2008) (stating that while Rule 58's requirements can be waived

3

"when neither party objects to the lack of separate document," "an objection does preclude our jurisdiction" (citing *Bankers Trust*, 435 U.S. at 386 n.7)).

Apple has accordingly made its objection to appellate jurisdiction, and its view of the need of a Rule 58 judgment, clear in every paper it has filed in this Court and in the Federal Circuit since the ongoing royalty determination issued. There is accordingly no waiver, and this Court should enter judgment as proposed.

### III. THIS COURT HAS JURISDICTION TO GRANT APPLE'S MOTION

VirnetX's suggestion that Apple's motion should have been brought as a Rule 59(e) motion to alter or amend a *judgment* (Opp. 4) is a meritless attempt to exploit the confusion Rule 58 was promulgated to avoid. Rule 59, of course, is triggered only by the entry of a "judgment." *See, e.g.*, *Provensal v. Gaspard*, CIV.A. 10-4276-SS, 2012 WL 1014809, at *1 (E.D. La. Mar. 23, 2012) ("Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order." (internal quotation marks omitted)), *aff'd*, 487 F. App'x 874 (5th Cir. 2012). Had the Court entered a judgment pursuant to Rule 58, Apple would have known that any further action by the Court would have to be sought through post-judgment procedures like Rule 59. It is precisely because *no* judgment has entered that Apple invoked Rule 58, not Rule 59. Further, it is a Rule 58-compliant judgment on a separate document, here lacking, that starts the clock for a Rule 59 motion to alter or amend the judgment. *See, e.g.*, *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1064 (9th Cir. 2005) ("The purpose of the separate document requirement is that the parties will know precisely when judgment has been entered and when they must begin preparing post-verdict motions or an appeal."); *see also* Fed. R. Civ. P. 58 advisory committee's note to 2002 amendments (entry of separate judgment under Rule 58 controls when the time to file a Rule 59 motion begins to run).

VirnetX assumes that the notice of appeal divested the Court of jurisdiction to enter judgment. Opp. 4-5. That is circular, as it assumes the Court has entered an appealable judgment, which it has not, as Apple has consistently stated in its filings.[1] As VirnetX recognizes, a notice of appeal—particularly a protective one filed before the entry of judgment—does not divest the Court of jurisdiction to enter judgment. Opp. 5 n.4 (citing *Lopez Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010)).

VirnetX does not engage with the merits of Apple's request that this Court enter a judgment making plain to which products and for which dates the 0.52% and 0.98% royalty rates apply, and to what royalty base those rates will be applied. Motion 3-4. Notably, during the weeks in which Apple conferred with VirnetX about the substance of this motion, VirnetX never suggested that those matters had already been resolved by the February 25 Order, nor that Apple's points were somehow inconsistent with that Order. Given VirnetX's failure to oppose the merits of Apple's substantive request in any developed way, and its failure to propose its own form of judgment, Apple respectfully requests that the Court enter Apple's proposed judgment.

---

[1] Contrary to VirnetX's unsupported assertion (Opp. 5 n.3), Apple most certainly can argue that the Federal Circuit lacks jurisdiction over an already-docketed appeal due to the lack of a final, appealable order. *See, e.g.*, *Orenshteyn v. Citrix Sys., Inc.*, 691 F.3d 1356, 1364 (Fed. Cir. 2012); *Warsaw Orthopedic*, 515 F. App'x at 882; *Proveris Scientific Corp. v. Innovasystems, Inc.*, 423 F. App'x 982, 983 (Fed. Cir. 2011); *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1295 (Fed. Cir. 2005); *see also Holleman v. Scott*, 193 F.3d 520, at *1 (5th Cir. 1999) (unpublished).

|  | Respectfully submitted, |
|---|---|
|  | */s/Joseph A. Loy* |
| Dated: April 24, 2014 | _____ |
|  | Gregory S. Arovas |
|  | greg.arovas@kirkland.com |
|  | Robert A. Appleby |
|  | robert.appleby@kirkland.com |
|  | Jeanne M. Heffernan |
|  | jeanne.heffernan@kirkland.com |
|  | Joseph A. Loy |
|  | joseph.loy@kirkland.com |
|  | KIRKLAND & ELLIS LLP |
|  | 601 Lexington Avenue |
|  | New York, New York 10022 |
|  | Telephone: (212) 446-4800 |
|  | Facsimile: (212) 446-4900 |
|  |  |
|  | Danny L. Williams |
|  | State Bar No. 21518050 |
|  | danny@wmalaw.com |
|  | Drew Kim |
|  | Texas Bar No. 24007482 |
|  | dkim@wmalaw.com |
|  | WILLIAMS MORGAN, P.C. |
|  | 10333 Richmond, Suite 1100 |
|  | Houston, Texas 77042 |
|  | Telephone: (713) 934-7000 |
|  | Facsimile: (713) 934-7011 |
|  |  |
|  | Eric M. Albritton |
|  | Texas State Bar No. 00790215 |
|  | ema@emafirm.com |
|  | ALBRITTON LAW FIRM |
|  | P.O. Box 2649 |
|  | Longview, Texas 75606 |
|  | Telephone: (903) 757-8449 |
|  | Facsimile: (903) 758-7397 |

# CERTIFICATE OF SERVICE

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 24th day of April, 2014, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: April 24, 2014  */s/Joseph A. Loy*
 Joseph A. Loy