**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **VIRNETX INC.**, *et al.*, | § § | |
| **PLAINTIFFS,** | § § | **Case No. 6:13-CV-211-LED** |
| v. | § § | |
| **APPLE INC.,** | § § | |
| **DEFENDANT.** | § § § § § | **JURY TRIAL DEMANDED** |

**PLAINTIFFS' SURREPLY IN OPPOSITION TO APPLE INC.'S MOTION FOR ENTRY
OF JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 58(d)**

## I. THE FEDERAL CIRCUIT HAS JURISDICTION OVER APPLE'S APPEAL.

Plaintiffs (hereinafter "VirnetX") explained why the Court's Order is a final decision sufficient to create appellate jurisdiction under 28 U.S.C. § 1295. *See* Dkt. No. 64 at 2-3 ("Resp."). Throughout Apple's Reply, Apple never substantively argues that the Court's Order is not a final decision—one which "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Peacock v. U.S.*, 597 F.3d 654, 658 (5th Cir. 2010) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)); Dkt. No. 65 ("Reply")[1]. Instead, Apple's position is that the ministerial step of a Rule 58 judgment "is needed to give the Federal Circuit appellate jurisdiction." Reply at 1. This elevation of form over substance misunderstands the law. *See Hanson v. Town of Flower Mound*, 679 F.2d 497, 499 (5th Cir. 1982) ("By its terms, s 1291 does not require a 'final judgment,' nor does it incorporate any procedural rule." (interpreting the same "final decision" language present in § 1295)). The Federal Circuit has appellate jurisdiction over the Court's Order regardless of whether Rule 58 was satisfied.

Further, Apple miscasts VirnetX's position as arguing that the Federal Circuit has appellate jurisdiction merely because Apple filed a notice of appeal and the Federal Circuit docketed it. Reply at 1. This is plainly incorrect. The Federal Circuit has appellate jurisdiction

---

[1] There are throw-away, conclusory allegations in Apple's Reply stating that the Court's Order is "unappealable" or non-final. *See* Reply at 2, 5 n.1. Apple does not explain why this is the case. Apparently, now Apple is taking the position that the Court's Order "left unresolved" "substantive issues." Reply at 1. This is incorrect. First, the Court ordered the Clerk to close the case because all issues had been resolved. *See* Dkt. No. 48/53 at 10. Second, this argument is directly at odds with Apple's Motion, which claimed that the proposed judgment it requested simply "reflect[ed] the relief granted" in the Court's prior orders. Dkt. No. 60 at 1-2 ("Mot."). Finally, to the extent Apple believes further clarification of the Court's final decision was necessary to determine outstanding substantive issues, it should have requested this relief in a timely fashion when the Court had jurisdiction to amend its judgment. *See* Resp. at 4-6; *see also* Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules *includes* a decree and *any order from which an appeal lies*.") (emphasis added).

over the Court's Order because it is a final decision under 28 U.S.C. § 1295 that resolved all the issues in the case. Moreover, Apple is wrong to imply that citing Fed. R. App. P. 4(a)(2) in its notice of appeal has the power to transmute the Court's Order into a non-final decision.[2] Finally, Apple's argument that docketing an appeal at the Federal Circuit is merely a ministerial act is beside the point. Again, Apple has not explained why the Court's Order is not a final decision.

## II.     APPLE HAS WAIVED RULE 58(a)'S REQUIREMENTS.

Apple waived the requirements set forth in Rule 58(a), so its motion under Rule 58(d) should be denied. Resp. at 3-4. In Reply, Apple contends that it cannot have waived the requirements of Rule 58 because it made a Rule 58(d) motion and it has consistently stated its position that the Federal Circuit has no jurisdiction until Rule 58 is complied with. *See* Reply at 2-3. Apple's position has been consistent after it filed its effective notice of appeal of a final decision. Nonetheless, a party moving for relief under a faulty legal premise after it has waived that relief—and then consistently stating its incorrect position—is insufficient to reverse waiver.

Moreover, Apple's Reply completely ignores the plain text of Federal Rule of Appellate Procedure 4(a)(7)(B) which establishes that "[a] failure to set forth a judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a) does not affect the validity of an appeal from that judgment or order." Instead, Apple argues that:

1)     the advisory's committee notes to Fed. R. App. P. 4(a)(7) state that the decision to waive the requirements of Rule 58 rest with Apple alone; and

---

[2] Reply at 1-2. Even assuming, *arguendo*, that Apple's notice of appeal was premature (it was not), the very authority Apple cites to explain the ordinary operation of Rule 4(a)(2) recognizes that it is proper here for Apple's already commenced appeal to proceed because Apple was not confused as to the deadline to file its notice of appeal and VirnetX does not object under Rule 58. *See FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.*, 498 U.S. 269, 273-276 (1991) ("[Fed. R. App. P. 4(a)(2)] recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal.").

      2)      Apple has lodged a Rule 58 objection; so therefore

      3)      under *Farber v. Louisiana State Bd. Of Med. Exam'rs*, 265 F. App'x 152, 153 n.4 (5th Cir. 2008) ( unpublished), Apple's Rule 58 objection is sufficient to divest the Federal Circuit of jurisdiction over Apple's own appeal despite appellee's attempts to move forward with the appellate proceedings.

Reply at 3-4; *see also* Dkt. No. 25, *VirnetX Inc. v. Apple Inc.*, No. 2014-1395 (Fed. Cir. May 1, 2014) (VirnetX's Opposition to Apple's Motion to Stay Appeal). This argument leads to a patently absurd result—whereby Apple's actions after filing of a notice of appeal would divest the appellate court of jurisdiction over its own appeal. More importantly, Apple's argument is contrary to established Fifth Circuit precedent—because a Rule 58 objection must first be *proper* to have any effect. *See Morgan v. FDIC*, 37 F.3d 633, *2-*3 (5th Cir. 1994) (unpublished).[3]

In *Morgan v. FDIC*, after litigation regarding mortgage payments, Morgan was ordered to pay the bank's attorneys' fees. *Id*. at *1-*2. Morgan appealed, arguing in part an objection under Rule 58. *Id*. at *2. It was undisputed that "[t]he district court did not enter its order…on a separate document." *Id*. Appellee in that case, "however, contend[ed] that Morgan, by virtue of his appeal, has waived the requirements of Rule 58." *Id*. In its analysis, the court noted that "the sole purpose of Rule 58 is to 'clarify when the time for appeal…begins to run.'" *Id*. (quoting *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978)). However, Morgan did "not contend that the district court's failure to render a Rule 58 judgment caused him uncertainty about whether its judgment was 'final' or prevented his filing of a timely appeal." *Id*. In fact, Morgan timely filed his notice of appeal within thirty days of the district court's final order. *Id*. at n.5. "Therefore, it appears that Morgan had no difficulty in determining that the district court's opinion was a

---

[3] In the Fifth Circuit, "[u]npublished opinions issued before January 1, 1996, are precedent." 5th Cir. R. 47.5.3; *see also Weaver v. Ingalls Shipbuilding, Inc.*, 282 F.3d 357, 359 (5th Cir. 2002) ("The fact that *Watkins* is unpublished does not alter its precedential status, because it was decided before January 1, 1996.").

'final' judgment on the issue." *Id.* As such, the court found that "the purpose of Morgan's argument is to invalidate an unfavorable order, rather than clarify and preserve his right of appeal, which he has in any event timely and properly perfected." *Id.* at 2. The court found that Morgan had waived his Rule 58 objection and thus exercised jurisdiction over Morgan's appeal, stating its jurisdiction was proper "because both parties failed to *properly* raise a Rule 58 objection, *i.e.* Morgan did not object in accordance with the purpose of Rule 58, and [appellee] did not object at all." *Id.* at *3 (emphasis in original). The relevant facts here are the same in all respects, and the Court should deny Apple's Motion.

### III. THE COURT LACKS JURISDICTION TO GRANT APPLE'S MOTION.

Again, the Court lacks jurisdiction to amend its judgment by granting Apple the relief it seeks in its Motion. Resp. at 4-6. In Reply, Apple does not contest that "when a notice of appeal transfers jurisdiction to [a Federal] Court [of Appeals], district courts lose the ability to vacate or amend their orders that have been appealed." *Dominguez v. Gulf Coast Marine & Assocs., Inc.*, 607 F.3d 1066, 1073 (5th Cir. 2010). Further, Apple does not contest that the proposed judgment it seeks in its Motion is different from the relief stated in the Court's Order. *See* Resp. at 4-6. These two—undisputed—points alone are sufficient grounds to deny Apple's Motion.

Instead, Apple takes issue with VirnetX's characterization of Apple's Motion, arguing that its Motion cannot be a motion under 59(e) and it is not bound by the requirements of Rule 59 because no "judgment" has been entered. Reply at 4-5. This is incorrect. Rule 54(a) plainly states that "'[j]udgment' as used in these rules [including Rule 59] *includes…any order from which an appeal lies*." Fed. R. Civ. P. 54(a) (emphasis added). As such, Apple's Motion—seeking an alteration to the relief granted in the Court's Order—should be denied as untimely because it was filed more than twenty-eight days after the Court's Order. Fed. R. Civ. P. 59(e).

Furthermore, Apple attempts misdirection by arguing that "VirnetX assumes that the notice of appeal divested the Court of jurisdiction to enter judgment." Reply at 5. Rather, the Court does not have the jurisdiction to *amend* the Court's Order which Apple has already appealed. *See Dominguez*, 607 F.3d at 1073. The Court does maintain jurisdiction of this case "as to matters not involved in the appeal," but that does not give the Court the power to grant Apple the relief it seeks: an amendment of an unfavorable order. *Id.* (quotations omitted).

Finally, to the extent the Court has the jurisdiction to enter, on a separate document, the same text of the relief granted in the Court's Order's Conclusion, it should not do so. This is precisely why VirnetX did not submit a proposed judgment as an alternative to Apple's. Entering any separate judgment at this point would give Apple the relief it seeks. Namely, it would "[re-]start[] the clock for a Rule 59 motion to alter or amend the judgment." Reply at 4. Apple would then have the opportunity to wait another twenty-eight days to brief the reasons behind the amendment to the judgment that it now seeks—reasons that were left out of its Motion and Reply. Apple faults VirnetX for failing to engage on the merits of Apple's requested amendment.[4] Of course, Apple bears the burden to establish why any amendments are necessary or appropriate. Having utterly failed in this regard, it is unsurprising that VirnetX could not respond to the merits "in any developed way." Reply at 5. The Court should not enter separate judgment and bail out Apple from its own procedural failures. Apple's Motion should be denied.

---

[4] Further, Apple is wrong to claim that the parties negotiated the substance of Apple's Motion for weeks and that statements that VirnetX allegedly failed to make therein are relevant. *See* Reply at 1, 5. In fact, the parties were negotiating an overall deal—each accepting certain compromises—such that Apple could avoid posting a supersedeas bond pending its appeal of the Court's Order. *See, e.g.*, Dkt. No. 847, *VirnetX Inc. v. Cisco Sys., Inc.*, Case No. 6:10-cv-417. This (ultimately failed) negotiation had no bearing on the finality of the Court's Order.

DATED:  May 5, 2014.                                 Respectfully submitted,

**CALDWELL CASSADY & CURRY**

*/s/ Jason D. Cassady*
Bradley W. Caldwell
Texas State Bar No. 24040630
Email:  bcaldwell@caldwellcc.com
Jason D. Cassady
Texas State Bar No. 24045625
Email:  jcassady@caldwellcc.com
John Austin Curry
Texas State Bar No. 24059636
Email:  acurry@caldwellcc.com
Daniel R. Pearson
Texas State Bar No. 24070398
Email:  dpearson@caldwellcc.com
Hamad M. Hamad
Texas State Bar No. 24061268
Email:  hhamad@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2101 Cedar Springs Road, Suite 1000
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile: (214) 888-4849

Robert M. Parker
Texas State Bar No. 15498000
Email:  rmparker@pbatyler.com
R. Christopher Bunt
Texas State Bar No. 00787165
Email:  rcbunt@pbatyler.com
Charles Ainsworth
Texas State Bar No. 00783521
Email:  charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Telecopier: (903) 533-9687

**ATTORNEYS FOR PLAINTIFF
VIRNETX INC.**

*/s/ Andy Tindel*
ANDY TINDEL (Lead Counsel)
State Bar No. 20054500
MT² Law Group
Mann | Tindel | Thompson
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-596-0909
Email: atindel@andytindel.com

Of Counsel:

DONALD URRABAZO
California State Bar No. 189509
ARTURO PADILLA
California State Bar No. 188902
URRABAZO LAW, P.C.
2029 Century Park East, 14th Floor
Los Angeles, CA 90067
Direct: (310) 388-9099
Facsimile: (310) 388-9088
Email: durrabazo@ulawpc.com
Email: apadilla@ulawpc.com

**ATTORNEYS FOR PLAINTIFF LEIDOS, INC., FORMERLY KNOWN AS SCIENCE APPLICATIONS INTERNATIONAL CORPORATION**

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on May 5, 2014. As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Jason D. Cassady*
Jason D. Cassady